UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

———————

JONTE HARRELL,

          Plaintiff,

vs.

DREXEL HAMILTON, LLC,
*a Pennsylvania limited liability company,*

          Defendant.
_____/

Case No.
Hon.

Brian J. Farrar (P79404)
Raymond J. Sterling (P34456)
STERLING ATTORNEYS AT LAW, P.C.
Attorneys for Plaintiff
33 Bloomfield Hills Parkway, Ste. 250
Bloomfield Hills, Michigan 48304
(248) 644-1500
bfarrar@sterlingattorneys.com
rsterling@sterlingattorneys.com
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Jonte Harrell, by his attorneys Sterling Attorneys at Law, P.C., for his Complaint and Demand for Jury Trial, submits the following:

### *Jurisdiction and Parties*

1. This is an action for race discrimination, retaliation, and racial harassment/hostile work environment in violation of 42 USC 1981, breach of contract, unjust enrichment, and promissory estoppel, arising out of plaintiff's employment relationship with defendant.

2. Plaintiff Jonte Harrell (hereafter "plaintiff" or "Harrell") resides in Charlotte, North Carolina and is a citizen of the State of North Carolina.

3. Defendant Drexel Hamilton, LLC is a Pennsylvania Limited Liability Company, with its principal place of business in New York, NY, that conducts business in Michigan.

4. Defendant has seven members: Anthony Philip Felice ("Felice"), John Christopher Martinko ("Martinko"), Hyung S. Kim ("Kim"), Roger Dewitt Elsas ("Elsas"), John Vincent Brennan ("Brennan"), Thomas McClure Mead, Jr ("Mead"), and Edward William Sanok ("Sanok").

5. Felice and Elsas are citizens of Florida; Kim, Brennan, Mead, and Sanok are citizens of New York; and Martinko is a citizen of New Jersey.

6. This Court has subject matter jurisdiction over plaintiff's claims pursuant to 28 USC 1331 (federal question), 28 USC 1343 (civil rights), and has diversity jurisdiction under 28 USC 1332(a) because this is an action between citizens of different states and the matter in controversy exceeds $75,000, exclusive of interest and costs.

*Background Facts*

7. Harrell is a graduate of The United States Military Academy at West Point, Columbia Business School, and a veteran of the Iraq war.

8. Defendant is an investment bank majority owned and operated by military veterans.

9. From May 2020 until November 2021, Harrell worked for defendant as its Head of Equity Capital Markets.

10. Harrell was responsible for originating, structuring, and marketing investment opportunities to potential investors.

11. Harrell is African American, and out of approximately 40 employees, Harrell was the only African American who worked for defendant from May 2020 until approximately October 2021.

12. At all times, Harrell was an excellent employee and under his leadership, Equity Capital Markets grew its business revenue by more than 500%.

13. When defendant hired Harrell, Harrell and defendant entered into a verbal agreement in which defendant would pay Harrell 30% commission for equity capital market business deals.

14. From May 2020 until June 2021, defendant paid Harrell in accordance to that agreement.

*Defendant promoted a culture where White employees were treated better than African Americans*

15. Throughout the time Harrell worked for defendant, Harrell noticed defendant's owners and executives repeatedly make racially insensitive remarks

and condone the use of racially insensitive remarks by employees and advisors.

16. Defendant's owners and executives frequently referred to a co-worker, both internally and externally, as "Sambo."

17. On multiple occasions, Harrell informed defendant's owners and executives that he was uncomfortable with the word "Sambo" as it is highly offensive to African Americans.

18. The leadership ignored Harrell's concerns and continued using that term.

19. On or around June 2021, defendant retaliated against Harrell by refusing to pay Harrell commissions per their agreement.

20. Harrell noticed that defendant began paying the commissions that Harrell had earned to his white colleagues.

21. When Harrell inquired as to why defendant was paying Harrell's commissions to his white colleague, one of defendant's owners responded "you have earned enough."

22. Defendant excluded Harrell from numerous social events and business meetings by both partners and special advisors, and made disparaging remarks about Harrell to employees and clients.

*After Harrell complained of
discrimination, defendant's retaliation increased*

23. On or about September 13, 2021, Harrell emailed two of defendant's owners and, once again, complained of the discrimination and retaliation.

24. In October 2021, defendant hired a law firm to purportedly investigate Harrell's complaints.

25. On or about November 23, 2021, defendant terminated Harrell.

## COUNT I

*Race Discrimination/Retaliation in Violation of 42 USC 1981*

26. Plaintiff incorporates the preceding paragraphs by reference.

27. At all material times, plaintiff Harrell was an employee and defendant was his employer, covered by and within the meaning of 42 USC 1981.

28. Defendant treated plaintiff differently, harassed him, and subjected him to a hostile work environment, refused to promote him, and terminated him on the basis of his race.

29. Defendant retaliated against plaintiff when he complained of discrimination and disparate treatment.

30. Defendant was predisposed to discriminate against plaintiff on the basis of his race and acted in accordance with that predisposition.

31. The discriminatory and retaliatory practices at issue were intentional and willful, and engaged in with malice or with reckless indifference to the rights and sensibilities of plaintiff.

32. As a direct and proximate result of those actions, the terms, conditions and privileges of plaintiff's employment were adversely affected and he was terminated.

33. As a direct and proximate result of the defendant's wrongful and discriminatory treatment of plaintiff, plaintiff has suffered injuries and damages, including, but not limited to, loss of past, present and future earnings and earning capacity; loss of the value of fringe and pension benefits; mental and emotional distress, including anxiety and mental anguish; humiliation and embarrassment; and loss of the ordinary pleasures of everyday life, including the right to seek and pursue gainful occupation of choice.

## COUNT II

### *Breach of Contract*

34. Plaintiff incorporates the preceding paragraphs by reference.

35. Plaintiff and defendant entered into a binding agreement which provided that defendant would pay plaintiff 30% commission on equity capital market business deals.

36. Through plaintiff's efforts for the year of 2021, equity capital market business deals earned defendant approximately $13 Million.

37. Plaintiff was able to and did perform his obligations under the agreement at all relevant times.

38. Defendant breached the agreement by not complying with its obligations and by failing and refusing to pay plaintiff the compensation owed to him.

39. As a direct and proximate result of defendant's breach of contract, plaintiff has incurred damages in the amount of approximately $3.2 Million.

### COUNT III

*Quantum Meruit / Unjust Enrichment*

40. Plaintiff incorporates paragraphs by reference 1 through 33 by reference.

41. Plaintiff brings a claim for quantum meruit/unjust enrichment in the alternative to Count II breach of contract.

42. Under the doctrine of *quantum meruit*, defendant reaped an unfair benefit by failing to pay plaintiff the commissions he was owed.

43. Inequity and injustice will result if defendant retains the benefit of plaintiff's work without compensating plaintiff for his efforts.

44. Plaintiff is entitled to payment for all commissions he earned.

### COUNT IV

*Promissory Estoppel*

45. Plaintiff incorporates paragraphs 1 through 33 by reference.

46. Plaintiff brings a claim for promissory estoppel in the alternative to Counts II breach of contract & III quantum meruit.

47. Defendant promised *inter alia* to pay plaintiff a commission of 30% for all equity capital market business deals.

48. Defendant expected, or reasonably should have expected, plaintiff to rely on that promise and act in accordance with that promise.

49. Plaintiff reasonably relied on defendant's promise to his detriment.

50. Inequity and injustice will result if the Court does not enforce the promise made by defendant to plaintiff.

## RELIEF REQUESTED

For all the foregoing reasons, plaintiff Jonte Harrell demands judgment against the defendant as follows:

    **A.    Legal Relief:**

        1. Compensatory damages in whatever amount he is found to be entitled;

        2. Exemplary damages in whatever amount he is found to be entitled;

        3. Punitive damages in whatever amount he is found to be entitled;

        4. A judgment for lost wages and benefits in whatever amount he is found to be entitled;

        5. An award of interest, costs and reasonable attorney fees; and,

6. Whatever other legal relief appears appropriate at the time of final judgment.

**B.   Equitable Relief:**

1. An injunction out of this Court prohibiting any further acts of wrongdoing;

2. An award of interest, costs and reasonable attorney fees; and,

3. Whatever other equitable relief appears appropriate at the time of final judgment.

## JURY DEMAND

Plaintiff, by his attorneys, hereby demands a trial by jury of all issues in this cause.

Respectfully submitted,

STERLING ATTORNEYS AT LAW, P.C.

By: /s/Brian J. Farrar
Brian J. Farrar (P79404)
Raymond J. Sterling (P34456)
Attorneys for Plaintiff
33 Bloomfield Hills Pkwy., Ste. 250
Bloomfield Hills, MI 48304
(248) 644-1500

Dated: February 8, 2022